# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES DEAN STACY,<br><br>  Defendant. | Case No. 09cr3695 BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION, MOTION TO DISMISS DUE TO UNCONSTITUTIONAL STATUTE, & MOTION TO DISMISS COUNT 8 AS UNCONSTITUTIONALLY VAGUE; DENYING GOVERNMENT'S MOTION FOR DEPOSITIONS OF UNDERAGE WITNESSES; AND GRANTING DEFENDANT'S MOTION TO BIFURCATE FORFEITURE PROCEEDINGS** |

Defendant has filed a motion to dismiss the Second Superseding Indictment for vindictive prosecution, a motion to dismiss the indictment due to an unconstitutional statute, a motion to dismiss Count 8 as unconstitutionally vague, and a motion to bifurcate forfeiture proceedings. The government has filed a motion for depositions of underage witnesses in lieu of trial testimony. For the reasons discussed below, Defendant's motion to dismiss the Second Superseding Indictment for vindictive prosecution is **DENIED**, Defendant's motion to dismiss the indictment due to an unconstitutional statute is **DENIED**, Defendant's motion to dismiss Count 8 as unconstitutionally vague is **DENIED**, Defendant's motion to bifurcate forfeiture proceedings is **GRANTED**, and the government's motion for depositions of

underage witnesses in lieu of trial testimony is **DENIED**.

## I. BACKGROUND

In an Indictment filed on October 7, 2009, Defendant was charged with (1) conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) manufacturing 50 marijuana plants and more in violation of 21 U.S.C. § 841(a)(1); and (3) possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1).

In a motion to dismiss the Indictment, Defendant argued that he formed and operated his medical marijuana collective in compliance with California law and that the Indictment should be dismissed because: (1) the federal government was subverting state medical marijuana laws in violation of the Tenth Amendment; (2) his prosecution is the result of entrapment by estoppel and violates his due process rights; and (3) his prosecution is in direct conflict with U.S. Department of Justice Policy. In an order filed on March 2, 2010, the Court denied Defendant's motion to dismiss the Indictment.

On June 17, 2010, the grand jury returned a Superseding Indictment, which charged Defendant with four separate counts of distribution of marijuana in violation of 21 U.S.C. § 841(a)(1), a count for the manufacture of 50 marijuana plants and more in violation of 21 U.S.C. § 841(a)(1), and a count for possessing and carrying a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1).

In an order filed on July 12, 2010, the Court denied Defendant's motion to present an entrapment-by-estoppel defense, or, in the alternative, a public authority defense. The Court also granted motions in limine filed by the United States to preclude an entrapment defense, advice of counsel defense, "medical marijuana" defense, medical necessity defense, and public authority defense. The Court noted, however, that it might not be possible to completely exclude evidence of medical marijuana:

> However, the Court expects that it may be inevitable that evidence will come out regarding the fact that Defendant was operating a purported medical marijuana dispensary and that marijuana was dispensed to individuals presenting medical marijuana cards. See United States v. Rosenthal, 2007

> WL 2012734, at *3 (N.D. Cal. July 6, 2007) ("While such evidence is not a valid defense to the federal charges, evidence of medical marijuana would inevitably come up, and did come up, during the trial.") Such evidence may directly relate to the gun charge. Therefore, the Court will not issue a blanket exclusion of evidence pertaining to the fact that Defendant operated a purported medical marijuana dispensary (although no evidence should be introduced regarding whether the dispensary complied with California law) and that clients purporting to be medical marijuana users purchased marijuana from Defendant. Such evidence may be allowed if it is admissible for some purpose other than establishing one of the defenses precluded by this order.

(Order of 7/12/10 at 13.)

On July 28, 2010, the Court held a status conference to discuss the Court's recent rulings. With respect to the gun charge, defense counsel argued that evidence that Defendant believed he was in compliance with state law was relevant because it tended to explain why Defendant would not use a gun for protection. The Court agreed that Defendant's belief in the legality of his actions might be relevant to the "in furtherance" element of the § 924(c) charge.

On August 19, 2010, the grand jury returned the Second Superseding Indictment, which added new charges of distributing marijuana to minors in violation of 21 U.S.C. §§ 841(a)(1) and 859 (Counts 1 and 2) and a charge of being an unlawful user of marijuana possessing in and affecting commerce a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

## II. DISCUSSION

**A. Motion to Dismiss for Vindictive Prosecution**

Defendant contends that the Second Superseding Indictment should be dismissed because it was the result of vindictive prosecution. According to Defendant, the government brought the additional charges against him to retaliate against him for asserting a defense to the original gun charge and for bringing a motion in limine to exclude evidence of his drug use. The Court is not persuaded by Defendant's argument.

The government violates a defendant's due process rights if it punishes him for exercising a protected statutory or constitutional right. United States v. Goodwin, 457 U.S.

368, 372 (1982). To establish vindictive prosecution, a defendant may produce direct evidence of the prosecutor's punitive motivation towards him. United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982). Alternatively, the defendant is entitled to a presumption of vindictiveness if he can show that the additional charges were filed because he exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness. Id.

The bare fact that an increased charged followed an act by the defendant is not enough to create the appearance of vindictiveness. As explained by the Ninth Circuit:

> [T]he link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a defense right. United States v. Robison, 644 F.2d at 1273. Rather, the appearance of vindictiveness results only where, as a practical matter, *there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive animus towards the defendant because he has exercised his specific legal rights*. Goodwin, 457 U.S. at --, --, 102 S.Ct. at 2488, 2494.

Gallegos-Curiel, 681 F.2d at 1168-69. (Emphasis added.)

When there is no evidence of actual vindictiveness, cases involving increased charges or punishment after trial are to be "sharply distinguished" from cases dealing with increased or additional charges in the course of pretrial proceedings. Gallegos-Curiel, 681 F.2d at 1167. Before trial, "the prosecutor's assessment of the proper extent of prosecution may not have crystallized." Goodwin, 457 U.S. at 381. Furthermore, before trial, a defendant "is expected to invoke procedural rights that inevitably impose some 'burden' on the prosecutor":

> Defense counsel routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by jury. It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter. The invocation of procedural rights is an integral part of the adversary process in which our criminal justice system operates.

Id. at 381. Accordingly, "[t]he exercise of routine or clearly necessary defense motions in the pretrial stage does not meet the threshold for more detailed inquiry and does not suffice to raise the presumption of vindictiveness." Gallegos-Curiel, 681 F.2d at 1169.

In United States v. Frega, 179 F.3d 793 (9th Cir. 1999), the Ninth Circuit held that a

presumption of vindictiveness was not warranted where a superseding indictment was filed charging defendant with a RICO conspiracy after defendant successfully challenged a federal bribery charge in the original indictment. The Ninth Circuit explained that the defendant had not shown a likelihood that the superseding indictment would not have been returned absent hostility or a punitive animus towards him because he moved to dismiss the federal bribery charges.

Here, Defendant claims that the government added charges to punish him for asserting a defense to the original gun charge and for bringing a motion in limine to exclude evidence of his drug use. However, Defendant was exercising routine pretrial procedural rights in arguing that he should be allowed to present certain evidence in support of his defense against the gun charge and in bringing his motion in limine,. There was nothing extraordinary about Defendant's exercise of these rights. Defense counsel typically seek to introduce evidence that the government wants to exclude and to exclude evidence that the government wants to introduce.

The fact that the government brought additional charges subsequent to Defendant arguing his position regarding the admissibility of medical marijuana evidence in relation to the § 924(c) gun charge and subsequent to Defendant filing a motion in limine, is insufficient to raise an appearance of vindictive prosecution. There is no basis for the Court to conclude that the prosecutorial actions stemmed from a *punitive animus* toward Defendant because he exercised his legal rights as opposed to a change in prosecutorial strategy prompted by the possibility that evidence of Defendant's belief that he was complying with California's medical marijuana laws may be admitted.[1] As explained in <u>Gallegos-Curiel</u>, 681 F.2d at 1168, vindictiveness cannot be inferred just because the prosecutor's actions would not have

---

[1] According to the government, its initial strategy, which was based on the assumption that all medical marijuana evidence would be excluded, was to bring the most straightforward charges that could be proven solely with law enforcement witnesses (who were more likely to follow instructions to avoid discussion of medical marijuana evidence). After the Court indicated that Defendant's belief that he complied with California law may be relevant to the "in furtherance" element of § 924(c), the government made the tactical decision to bring a more "robust" case, adding the additional charges of distributing to a minor person, and adding the § 922(g)(3) gun charge, which, unlike the § 924(c) charge, would not involve evidence of medical marijuana.

been taken "but for" the exercise of a defense right - "[a] sequence of events is not enough; the likelihood of retaliation is crucial." Id. at 1171.

Defendant has not established a reasonable likelihood that the Second Superseding Indictment would not have been filed absent punitive animus toward Defendant because he asserted a defense to the § 924(c) charge and filed a motion in limine to exclude evidence of his drug use. Therefore, Defendant's motion to dismiss the Second Superseding Indictment for vindictive prosecution and violation of due process is **DENIED**.

**B. Motion to Dismiss Count 8**

Defendant has filed motions to dismiss Count 8 (possession of a firearm by an unlawful drug user in violation of 21 U.S.C. § 922(g)(3)) for vagueness and for violation of the Second Amendment. For the reasons discussed below, the Court denies the motions.

    1. Vagueness

Defendant contends that 18 U.S.C. § 922(g)(3) is unconstitutional as applied to his case. Defendant makes two specific challenges to § 922(g)(3): (1) there is insufficient evidence to prove that Defendant used marijuana "with regularity, over an extended period of time, and contemporaneously with his possession of a firearm," as required by United States v. Purdy, 264 F.3d 809, 813 (9th Cir. 2001); and (2) the statute did not provide him with sufficient notice that his use of medicinal marijuana, as allowed by California law, qualified him as an "unlawful" user of a controlled substance.

A statute is unconstitutionally vague if it (1) does not define the conduct it prohibits with sufficient definiteness; and (2) does not establish minimal guidelines to govern law enforcement. United States v. Rodriguez, 360 F.3d 949, 953 (9th Cir. 2004).

Section 922(g)(3) provides that it is unlawful for any person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm

or ammunition which has been shipped or transported in interstate or foreign commerce."

In <u>United States v. Purdy</u>, 264 F.3d 809 (9th Cir. 2001), the Ninth Circuit addressed a void-for-vagueness challenge to § 922(g)(3). The question was whether § 922(g)(3) provided the defendant with sufficient notice that the manner and extent to which he smoked marijuana and methamphetamine qualified him as an "unlawful user" of a controlled substance. The Ninth Circuit held that § 922(g)(3) was not void for vagueness as applied to the defendant because the evidence established that he had used illegal drugs on a regular basis for years, and had smoked methamphetamine and marijuana contemporaneously with his possession of a firearm. <u>Id.</u> at 812. The Ninth Circuit explained, "We emphasize, however, that to sustain a conviction under § 922(g)(3), the government must prove - as it did here - that the defendant took drugs with regularity over an extended period of time, and contemporaneously with his purchase or possession of a firearm." <u>Id.</u> at 812-13. <u>See also</u> <u>United States v. Jackson</u>, 380 F.3d 403, 406 (4th Cir. 2002) (holding that § 922(g)(3) applied to defendant's conduct where defendant admitted to smoking marijuana twice a day for many years, including earlier that evening); <u>United States v. Augustin</u>, 376 F.3d 135, 139 (3d Cir. 2004) (holding that to be an unlawful user, "one needed to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm.").

Defendant contends that there is insufficient evidence that he used marijuana regularly over an extended period of time and contemporaneously with his possession of a firearm. According to Defendant, the only evidence the government possesses of his drug use is "vague statements" he made to the undercover agent and a copy of Defendant's medical marijuana patient card. Trial has not yet occurred, and the Court is not in a position to determine whether there is sufficient evidence regarding how regularly and over what period of time Defendant used marijuana. Therefore, the Court denies without prejudice Defendant's motion to dismiss Count 8 to the extent it is premised *on insufficiency of the evidence*. With respect to the requirements of regularity and contemporaneousness, vagueness is not really at issue because case law gives sufficient guidance in this regard.

Defendant also argues that he is not an "unlawful user" because (1) he was given a doctor's recommendation for the use of medicinal marijuana, as allowed by the state of California, and (2) to the extent he is considered an "unlawful user" under the statute, the statute did not provide him with sufficient notice that the manner in which he used marijuana qualified him as an "unlawful user" of a controlled substance. Defendant points to the following language in United States v. Ocegueda, 564 F.2d 1363, 1366 (1977): "Had Ocegueda used a drug that may be used legally by laymen in some circumstances, or had his use of heroin been infrequent and in the distant past, we would be faced with an entirely different vagueness challenge to the term "unlawful user" in § 922(h)(3)." According to Defendant, the scenario envisioned by Ocegueda has become reality in this case.

Under California's Compassionate Use Act (Cal. Health & Safety Code § 11362.5), a patient who possesses or cultivates marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician, cannot be prosecuted under Cal. Health & Safety Code § 11357, relating to the possession of marijuana, or Cal. Health & Safety Code § 11358, relating to the cultivation of marijuana. However, California law does not purport to render the use of medical marijuana lawful under federal law. In fact, the use of medical marijuana remains unlawful under federal law. See Gonzales v. Raich, 545 U.S. 1, 27 (2005) (explaining that even if marijuana is used "for personal medical purposes on the advice of a physician," it is still considered contraband under the CSA, which designates marijuana as contraband "for *any* purpose"); United States v. Katz, 2010 WL 183863, * 1 (9th Cir. Jan. 19, 2010) (vacating pretrial detention order, which modified defendant's bond order to permit defendant to use and possess marijuana for medical purposes in compliance with California law, because it is illegal to possess marijuana under federal law); United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1105 (E.D. Cal. 2008) ("The use of medical marijuana remains unlawful.").

Plaintiff makes much of the fact that there is no federal statute making it illegal to be a "user" of marijuana. However, there is no California statute providing that it is legal to be a "user" of medical marijuana either. The Compassionate Use Act states:

> To ensure that seriously ill Californians have *the right to obtain and use marijuana for medical purposes* where that *medical use* is deemed appropriate and has been recommended by a physician who has determined that the person's health would benefit from the *use of marijuana* in the treatment of cancer, anorexia, AIDS, chronic pain, spasticity, glaucoma, arthritis, migraine, or any other illness for which marijuana provides relief . . . Section 11357, *relating to the possession of marijuana*, and Section 11358, *relating to the cultivation of marijuana*, shall not apply to a patient, or to a patient's primary caregiver, who *possesses* or *cultivates* marijuana for the personal medical purposes of the patient upon the written or oral recommendation or approval of a physician.

Cal. Health & Safety Code § 11362.5. The statute facilitates use of medical marijuana by shielding such users from prosecution under California law for *possession* or *cultivation*. The statute does not provide that it is lawful to be a "user" of medical marijuana. Clearly, the lawfulness of use is tied to the lawfulness of possession. One cannot use a drug without possessing it in some form. Thus, common sense dictates that if it is illegal to possess a certain drug under federal law, it is also unlawful under federal law to be a user of that drug.

Because § 922(g)(3) is a *federal* statute that refers to being an unlawful user of any controlled substance as defined by the *federal* Controlled Substances Act, the Court concludes that an ordinary person would understand that if he used marijuana in violation of federal law, he would qualify as an "unlawful user" within the meaning of § 922(g)(3), regardless of whether he could be prosecuted under state law. Voter approval of California's Compassionate Use Act of 1996 did not convert § 922(g)(3), a statute previously without a vagueness problem, into an unconstitutionally vague statute. Accordingly, Defendant's motion to dismiss Count 8 as unconstitutionally vague is **DENIED**.


2. Second Amendment

Defendant contends that § 922(g)(3) infringes on the core right protected by the Second Amendment - i.e., the right to possess arms to defend oneself. Defendant also contends that even if Defendant does not have an inalienable right to possess a handgun for his self-defense, § 922(g)(3) fails to pass strict scrutiny review.

The Supreme Court has held that the Second Amendment guarantees the individual right to possess and carry weapons in case of confrontation. District of Columbia v. Heller,

__ U.S. __, 128 S. Ct. 2783 (2008).  As an initial matter, the Court notes that Defendant has not made any showing that he possessed his firearm for purposes of self-defense generally or because he was facing an immediate threat.  Any argument by the government that Defendant possessed the gun for protection is insufficient to establish that Defendant was exercising a right protected by the Second Amendment.

Furthermore, the Supreme Court noted that certain regulatory measures prohibiting or restricting the possession of firearms are "presumptively lawful":

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

Id. at 2816-17.

Courts examining § 922(g)(3) post-Heller have rejected Second Amendment challenges to the statute, concluding that § 922(g)(3) "is the type of 'longstanding prohibition on the possession of firearms' that Heller declared presumptively lawful." United States v. Seay, __F.3d__, 2010 WL 3489042 (8th Cir. Sept. 8, 2010).  See also United States v. Richard, 350 Fed. Appx. 252, 260 (10th Cir. Oct. 21, 2009) ("[T[he individual right to bear arms protected by the Second Amendment is subject to appropriate restrictions like those contained in 18 U.S.C. § 922(g)(3).")   The Court agrees that § 922(g)(3) falls within the list of longstanding prohibitions which are presumptively lawful.

The fact that this particular case involves the alleged lawful use of marijuana under state law does not have any bearing on the presumptively lawful nature of the restriction. By characterizing marijuana as a Schedule I drug, Congress found that it "has a high potential for abuse" and "no currently accepted medical use in treatment in the United States."  21 U.S.C. §§ 812(b)(1), (c).  See also Gonzales, 545 U.S. at 28.

The Court notes that even if § 922(g)(3) must be reviewed under heightened scrutiny,

the statute survives such review.[2]  In United States v. Yancey, __ F.3d__ , 2010 WL 3447736 (7th Cir. 2010), the Seventh Circuit held that Congress acted within constitutional bounds by prohibiting illegal drug users from firearm possession because the prohibition is substantially related to the important governmental interest in preventing violent crime.  The Seventh Circuit explained that ample research has demonstrated a connection between chronic drug use and violent crime.  Id. at * 5.  The Seventh Circuit also explained that the prohibition was  tailored to bar only *current* drug users from possessing a firearm:

> Finally, unlike those who have been convicted of a felony or committed to a mental institution and so face a lifetime ban, an unlawful drug user like Yancey could regain his right to possess a firearm simply by ending his drug abuse. In that sense, the restriction in § 922(g)(3)  is far less onerous than those affecting felons and the mentally ill. We have observed before that there is no constitutional problem with separating guns and drugs.

Id.

In sum, the Court concludes that § 922(g)(3) does not impermissibly infringe upon Defendant's Second Amendment rights.  Therefore, Defendant's motion to dismiss Count 8 as unconstitutional is **DENIED**.

However, in light of Defendant's constitutional challenges to § 922(g)(3), and the risk of prejudice to Defendant from evidence pertaining to Defendant being an "unlawful user" of marijuana, the Court tends to think that it would be prudent to bifurcate the trial so that the § 922(g)(3) count is tried separately from the remaining counts.  Therefore, the Court **ORDERS** the parties to show cause why the Court should not bifurcate the trial so that the § 922(g)(3) count is tried separately from the other counts.  Written responses to the OSC are due on or before **October 26, 2010**.

C.  **Miscellaneous Motions**

Defendant has moved to bifurcate the forfeiture counts from the substantive counts.

---

[2] In Heller, the Supreme Court declined to establish a level of scrutiny for evaluating Second Amendment restrictions, stating only that rational-basis scrutiny was inappropriate. 128 S. Ct. at 2817.  Whether strict scrutiny or some other form of heightened scrutiny applies to Second Amendment restrictions is an unsettled area of law. The Court declines to wade into these muddy waters.

The government has not opposed Defendant's motion. It is proper to bifurcate forfeiture proceedings from ascertainment of guilt. See United States v. Feldman, 853 F.2d 648, 662 (9th Cir. 1988). Therefore, Defendant's motion is **GRANTED**.

The government has filed a motion to conduct depositions of underage witnesses in lieu of trial testimony. A court may grant a motion to depose prospective witnesses "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The government has not made any showing of exceptional circumstances. Furthermore, the government has not provided any specific reasons for excusing the witnesses from providing live testimony at the trial. Therefore, the government's motion is **DENIED**.

### III.  CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss the Second Superseding Indictment for vindictive prosecution [Doc. No. 80] is **DENIED**, Defendant's motion to dismiss the indictment due to an unconstitutional statute [Doc. No. 79] is **DENIED**, Defendant's motion to dismiss Count 8 as unconstitutionally vague [Doc. No. 78] is **DENIED**, Defendant's motion to bifurcate forfeiture proceedings [Doc. No. 80] is **GRANTED**, and the government's motion for depositions of underage witnesses in lieu of trial testimony [Doc. No. 83] is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 18, 2010

*/s/ Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge